**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MATTHEW WILLIAMS**                                                          **PLAINTIFF**

**v.**                                                          **No. 1:20CV194-NBB-JMV**

**LEE COUNTY**                                                          **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Matthew Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that Officer Samual failed to protect him from the attack of inmate Morries. The defendant has moved for summary judgment; the plaintiff has responded, and the defendant has replied. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered in favor of the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

On July 17, 2020, around dinnertime at the Lee County Adult Detention Center, plaintiff Matthew Williams got into an argument with inmate Morries, who had threatened Williams with "bodily harm" earlier in the day. The plaintiff told Officer Samual[1] about the comment and asked him to "address" the matter before it escalated into a fight. Samual said that he would see what he could do. Morries later tried to get the plaintiff to accompany him into the shower area, but the plaintiff refused. Morries then rushed out of the shower area, knocked the plaintiff down, and punched him in the face, causing injury to his right eye and a laceration on his head. Officer Strokes entered the area and broke up the fight. The combatants were removed from the area, and the plaintiff was taken to the emergency room for treatment, where he underwent a CAT scan and received stitches in his head. Upon return to the jail, the plaintiff was placed in a different unit for about 30 days.

## Failure to Protect

Matthew Williams claims that the defendant failed to protect him from attack by another inmate at the Lee County Adult Detention Center. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial … the failure to protect." *Grabowski v. Jackson County*

---

[1] Mr. Williams did not name Officer Samual as a defendant in this case; instead he named only Lee County. As discussed below, even if Mr. Williams had named Samual as a defendant, the allegations in this case fail to state a constitutional claim.

*Public Defender's Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an *excessive* risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (emphasis added).

An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a specific threat to him but failed to take measures to protect him from it. *Id.* at 843. However, even in the absence of specific threat, an inmate may prove a claim of failure to protect if he can show that he was placed in a prison environment "where terror reigns." *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), overruled on other grounds by *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). This situation arises in a jail or prison where officials permit violent offenders to hold sway over part or all of the facility – creating "a pervasive risk of harm and a failure to take reasonable steps to prevent the known risk." *Stokes v. Delcambre,* 710 F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies – leading to the students' severe beating and rape). Indeed, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

Not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 832-834. Prison officials are charged with protecting prisoners from known *excessive* risk; they "are not ... expected to prevent all

- 4 -

inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). "A prison official's mere knowledge of vague threats against an inmate is not sufficient to make it clear to the official that such information presents a substantial risk of serious harm to the inmate." *Williams v. Management & Training Corp.*, 2017 WL 8793429, at *3 (S.D. Miss. November 2, 2017) (*citing Coleman v. Tanner*, 2010 WL 2009445, at *9 (E.D. La. April 27, 2010)). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In this case, Mr. Williams told Officer Samual that inmate Morries had threatened to do Williams "bod[il]y harm," to which Officer Samual responded, "I will see what I can do." Doc. 43 at 4. Morries' attack occurred later that day. It is unclear whether Officer Samual took any action regarding Williams' warning before the attack occurred. Mr. Williams alleges that Officer Samual "failed to act with reasonable caution" and was "negligent" in failing to prevent the attack and resulting injuries. Doc. 43 at 2. First, as set forth above, negligent conduct by prison officials is insufficient to state a constitutional claim under 42 U.S.C. § 1983, and this case must be dismissed for that reason, alone.

In addition, Mr. Williams reported to Officer Samual only "vague threats" from inmate Samual to do him "bodily harm." As inmates threaten each other on a regular basis, such "vague threats" were insufficient to inform Officer Samual that Williams faced a substantial risk of serious harm. *Williams, supra*. There is neither factual allegation nor evidence to show that Mr. Williams faced a substantial risk of serious harm from Morries. Neither is there an indication that Officer Samual showed deliberate indifference towards Williams stating that he would see what he could do about the situation. Mr. Williams' claims must be dismissed for this reason, as well.

- 5 -

**No County Liability**

Finally, to establish municipal or county liability under § 1983, Mr. Williams must demonstrate that an official policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir. 1993). He has alleged no facts to indicate that any policy-making officials for Lee County (the sole defendant) implemented an official policy that caused his injuries; nor has he established a persistent pattern of conduct by city or county officials that caused the injuries. In a § 1983 action, liability may not be imposed upon a governmental entity on a theory of *respondeat superior* for the actions of non-policy-making government employees. *Monell*, 436 U.S. at 690-94; *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). As Mr. Williams alleges no facts showing the direct involvement of policy-making officials of the county in the alleged violation of his constitutional rights, the case must be dismissed.

**Conclusion**

For the reasons set forth above, the motion by the defendant for summary judgment will be granted, and judgment will be entered in favor of the defendant in all respects. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of February, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE

- 6 -